# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-20594 |
| MARATHON HEALTHCARE CENTER OF NORWALK, LLC | ) | CHAPTER 7 |
| ---------------------------------- | ) | ADV. PRO. NO. 10-02069 |
| THOMAS C. BOSCARINO, TRUSTEE | ) | |
|   Plaintiff, | ) | |
|   v. | ) | January 10, 2011 |
| GERIATRIC MEDICAL & SURGICAL SUPPLY, INC | ) | |
|   Defendant | ) | |

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIM

TO THE HONORABLE, ALBERT S. DABROWSKI UNITED STATES BANKRUPTCY JUDGE:

1. Movant is the duly qualified and acting Trustee in this case.

2. The above-captioned Debtor filed a petition for relief pursuant to Chapter 7 of the United States Bankruptcy Code on January 7, 2009.

3. During the course of the Trustee's administration of this corporate Chapter 7 bankruptcy proceeding, the Trustee has reviewed certain financial records which disclose significant payments to creditors during the ninety (90) day period immediately preceding the filing of the Debtor's Chapter 7 case, which payments may constitute avoidable and recoverable preference payments pursuant to the applicable provisions of the United States Bankruptcy Code.

4. The Trustee, during the course of his examination of the books and records of the Debtor, determined that Geratric Medical & Surgical Supply, Inc., was the recipient of the aggregate amount of Twenty Six Thousand Two Hundred Fifty Five and 74/100 ($26,255.74) Dollars during the ninety (90) day period immediately preceding the filing of the Debtor's bankruptcy case by letter dated March 2, 2010 the Trustee made demand upon the President of Geriatric Medical & Surgical Supply, Inc., for a turnover and recovery of such payments for the general benefit of unsecured creditors of the bankruptcy proceeding.

5. Movant has been offered the sum of Thirteen Thousand One Hundred Twenty Seven and 87/100 ($13,127.87) Dollars in full satisfaction and settlement of the Trustee's claims relative to these payments. Said payment shall be made in good and sufficient bank funds within fourteen (14) calendar days of the entry of the Order approving this compromise.

6. In addition to the cash payment referenced in paragraph 5 hereof, said Geriatric Medical & Surgical Supply, Inc., shall be deemed to have waived and relinquished any and all right to any distribution from the Debtor's estate in consequence of any claim or request for payment filed or which could otherwise be filed; and shall be prohibited from making any claim pursuant to Section 502(h) or otherwise with respect to the settlement payment which is the subject matter of this Motion.

7. **ANY RELEASE OR DISCHARGE CONSEQUENT TO THE COMPROMISE OF CLAIM SHALL HAVE NO FORCE AND EFFECT UNLESS AND UNTIL THE ENTIRE SUM OF $13,127.87 IS PAID TO THE TRUSTEE IN GOOD AND SUFFICIENT BANK FUNDS. TIME IS OF THE ESSENCE**.

8. The Creditor has raised defenses to the claim of the Trustee and disputes all claims made by the Trustee. The Creditor has raised defenses such as ordinary course payments and new value to the claims of the Trustee.

9. Movant believes that the settlement is fair and reasonable and in the best interest of the estate and should be approved by the Court. The Movant has considered the probabilities of success, the complexity, expenses, inconvenience and delay of continued litigation, as well as the paramount interest of creditors in his deliberation.

10. The settlement amount offered would be an in full cash payment.

11. The United States Court of Appeals for the Second Circuit has held that a Bankruptcy Court should approve a proposed settlement, after an independent review and evaluation of the applicable principals of bankruptcy law, unless it "falls below the lowest point in range of reasonableness". Coss v. Rodman (In re W.T. Grant Co.), 699 F.2d 599 (2d Cir.) cert.denied, 464 U.S. 822 (1983) (citing Newman v. Stein, 464 F. 2d 689, 692 (2d Cir.). cert. denied, 409 U.S. 1039 (1972).

WHEREFORE, Movant prays that the Court make its Order pursuant to FBRCP 9019(a) approving the above described compromise.

Dated at Glastonbury, Connecticut this 10th day of January, 2011.

Respectfully Submitted
/s/ John H. Grasso
John H. Grasso
Boscarino, Grasso & Twachtman, LLP
628 Hebron Avenue, Building Three
Glastonbury, CT 06033
Phone No. (860) 659-5657
Federal Bar No. ct03651

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-20594 |
| MARATHON HEALTHCARE CENTER OF NORWALK, LLC | ) | CHAPTER 7 |
| ------------------------------------ | ) | ADV. PRO. NO. 10-02069 |
| THOMAS C. BOSCARINO, TRUSTEE | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| GERIATRIC MEDICAL & SURGICAL SUPPLY, INC | ) | |
| Defendant | ) | |

## PROPOSED ORDER RE: TRUSTEE'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT OF CLAIM

Upon the Trustee's Motion to Approve Compromise and Settlement of Claim filed by Thomas C. Boscarino, Trustee, dated January 10, 2011, it is hereby:

ORDERED: That the estate may compromise the estate's claims against Geriatric Medical & Surgical Supply, Inc., as specified in the Trustee's Motion to Approve Compromise for the sum payment of Thirteen Thousand One Hundred Twenty Seven and 87/100 ($13,127.87) Dollars and upon the further terms and conditions set forth in such Motion.

Dated at Hartford, Connecticut this _____ day of January, 2011.

_____
Albert S. Dabrowski

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 08-20594(asd) |
| **MARATHON HEALTHCARE CENTER OF NORWALK, LLC** | ) | CHAPTER 7 |
| ---------------------------------- | ) | ADV. PRO. NO.  10-02069 |
| **THOMAS C. BOSCARINO, TRUSTEE** | ) | |
|    Plaintiff, | ) | |
|      v. | ) | |
| **GERIATRIC MEDICAL & SURGICAL SUPPLY, INC** | ) | January 10, 2011 |
|    Defendant | ) | |

## **CERTIFICATION**

On this 10th day of January, 2011 the Trustee's Motion to Approve Compromise and Settlement of Claim was filed electronically.  Notice of this filing will be sent electronically to the following parties who will receive notice through the Court's CM/ECF:

Myles H. Alderman, Jr at myles.alderman@alderman.com
Ryan N. English at ryan.english@alderman.com
Office of the U.S. Trustee at USTPRegion02.NH.ECF@USDOJ.GOV


Dated at Glastonbury, Connecticut on January 10, 2011.

                                          /s/ John H. Grasso
                                       John H. Grasso
                                       Boscarino, Grasso & Twachtman, LLP
                                       628 Hebron Ave., Building Three
                                       Glastonbury, CT 06033
                                       (860) 659-5657 Telephone
                                       Federal Bar No.: ct03651